## JOSEPH RENTZ *vs.* GEORGE ECKERT.

First Judicial District, Hartford, May Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, JS.

Land owned equally and in common by the plaintiff and defendant was sold by order of court and purchased by the mortgagee of the plaintiff's interest, for $1,880 "over and above" the mortgage of $300. *Held :—*

1. That this was equivalent to a sale of the land unincumbered for $2,180, and operated as an extinguishment of the purchaser's mortgage and a cancellation of the plaintiff's debt.

2. That the plaintiff alone was chargeable with the $300, the mortgage having been given for his personal benefit; and therefore in the distribution of the avails of the sale the $300 should be deducted, not from the sum total of the net receipts, but from the plaintiff's one half thereof.

3. That such mortgage by the plaintiff was not inconsistent with his continued ownership of an undivided one-half interest in the land.

The order of sale did not direct the land to be sold subject to the $300 mortgage, as its existence was not then known to the court or to the defendant. *Held* that whatever the form of the order, it was the duty of the trial court, in its supplemental judgment distributing the proceeds of the sale, to recognize and protect the real interests of the parties.

Upon an accounting had before the order of sale was passed, the court rendered judgment for the defendant for $83.68. *Held* that this was not an adjudication that the defendant should pay any part of the $300 mortgage, such mortgage not being a proper matter of inquiry upon the accounting; but that the judgment was final upon the question of what sums had been expended by the parties for improvements upon the property prior to the commencement of the action, as that was not only a proper subject of inquiry, but was also within the issues framed by the parties and passed upon in the accounting.

A preliminary or interlocutory judgment need not be pleaded upon final hearing, since it forms part of the record in the very case then before the court.

If a cotenant pays off a mortgage indebtedness after the mortgage has been discharged and the debt cancelled, his remedy is not against his colleague but against the person to whom payment was made.

Argued May 7th—decided May 29th, 1901.

ACTION for an accounting and for a partition or sale of

real estate owned by tenants in common, brought to the Superior Court in Litchfield County and tried to the court, *George W. Wheeler, J.;* the facts were found and an order passed directing a sale of the premises and payment of the avails into court, and at the next term of court a supplemental judgment was rendered (*Shumway, J.*) confirming the sale and distributing the net proceeds between the parties in accordance with the contention of the defendant. Afterward, at the same term, the court, *Shumway, J.*, set aside its supplemental judgment and rendered another favorable to the plaintiff, from which the defendant appealed for alleged errors in the rulings of the court. *Error and cause remanded.*

The substitute complaint alleged that plaintiff and defendant owned the premises in question, as tenants in common, subject to their joint mortgage for $1,800 to the Winsted Savings Bank; that the plaintiff had expended $400 for improvements upon the premises; that defendant had received more than his proportionate part of the income from the property; and asked for an accounting and judgment thereon, and for a partition of the property or a sale and division of the proceeds.

The answer denied that the plaintiff had expended said sum for improvements, and that defendant had received more than his share of the income, and alleged that the defendant had paid more than his share for the building of the dwelling-house upon the premises, and asked for an accounting and a judgment thereon before the order for the partition or sale of the property.

The plaintiff, in reply, denied that defendant had paid more than his share for improvements, and upon these issues a hearing and accounting was had before the court, and a judgment rendered for the defendant for $83.68; and a sale was ordered of said equity of redemption, and the payment into court of the proceeds thereof.

The committee appointed to make the sale having made his return that he had sold to Julia Hoffman, for the sum of

$1,880, the equity of redemption in said premises over and above the "mortgaged value thereon of $2,100," and having paid into court said sum of $1,880, the defendant filed a "supplemental statement," alleging that since the commencement of the action the plaintiff, without the knowledge of the defendant until the time of the sale, had mortgaged to said Julia Hoffman his one-half interest in the premises for $300; that defendant had objected to the sale subject to both of said mortgages, and asked that the money so paid into court be so divided as to charge the plaintiff with the payment of said $300 mortgage.

The plaintiff's demurrer to said supplemental statement having been overruled, in his reply thereto the plaintiff, among other things, alleged that since said sale he had paid said mortgage, and that he built a barn upon said land at his own expense of $216, and that he had not been reimbursed for any part of said expense; and claimed that said money should be so divided that the defendant should be charged with the payment of one half of said $300 mortgage.

The defendant denied the payment by plaintiff of said $300 mortgage, and alleged that said barn was built by plaintiff long prior to the commencement of the suit, for his own convenience, and that it was the plaintiff's own property.

Upon the hearing had as to the apportionment of said money paid into court, the court found that said $300 mortgage was given by the plaintiff, as alleged by defendant; that the committee, against the defendant's objection, sold the property subject to both mortgages; that the plaintiff, prior to the commencement of the suit and with the knowledge of the defendant, built a barn upon the premises at the expense of $216, no part of which had been repaid to him; that said barn was sold with the land; that it did not appear what use the plaintiff had made of the money received by him upon the $300 mortgage, and the fact that said $300 mortgage was given by the plaintiff, and that said $216 was expended by him for said barn, were not brought to the attention of the court when said accounting was had.

By its supplemental judgment the court ordered that from

said sum of $1,880, paid into court, there should be deducted
the expenses of sale and costs amounting to . $ 63.50
> and that there should be paid to the de-
> fendant . . . . . . . 991.93
> and to the plaintiff . . . . . 824.57

$1,880.00

The substance of the reasons of appeal is that the court
erred in charging the defendant in the supplemental judg-
ment with the payment of a part of said $300 mortgage, and
in considering the claim of the plaintiff that he had paid $216
for improvements, which had been settled by the prior judg-
ment upon the accounting.

*Walter Holcomb*, for the appellant (defendant).

*Samuel A. Herman*, for the appellee (plaintiff).

HALL, J. The plaintiff and defendant were equal owners
as tenants in common of the land sold by order of court. At
the time of the commencement of this suit, the land was
subject to their joint mortgage for $1,800 to the Winsted Sav-
ings Bank. The plaintiff afterwards, and without the de-
fendant's knowledge, mortgaged his own interest for $300.
Without knowing of the existence of the second mortgage,
the Superior Court ordered the land sold subject to the first
mortgage. The committee appointed to make the sale re-
ported that he had sold the equity of redemption above the
mortgaged value of $2,100, for the sum of $1,880, which he
returned into court. He in fact sold it to the person holding
the second mortgage, and she paid to him $1,880 as the value
of the property above the two mortgages. This was equiva-
lent to a payment by her of $2,180 for the equity under the first
mortgage. Had the second mortgage been held by another,
the purchaser, Julia Hoffman, in order to have obtained a
title to the unincumbered equity under the first mortgage,
would have been compelled to pay $300 to the owner of the
second mortgage, in addition to the $1,880 paid to the com-
mittee. As she was herself the owner of the second mortgage,

the transaction was practically a sale to her of the equity under the first mortgage for $2,180, since by purchasing the entire equity for $1,880 she extinguished the mortgage held by her, and cancelled the plaintiff's indebtedness to her of $300. *Simpson* v. *Hall*, 47 Conn. 417, 424.

In its supplemental judgment apportioning the $1,880 paid into court, by deducting therefrom the expenses of sale and costs amounting to $63.50, and giving to the plaintiff one half the remainder less the $83.68 due from the plaintiff to the defendant, namely, $824.57, and to the defendant the remaining $991.93, the court erroneously charged the defendant with the payment of one half of the $300 mortgage. The defendant was the owner of one half the equity under the first mortgage, which equity was of the value of $2,180. His interest therein was not incumbered by the $300 mortgage. He was not liable to Julia Hoffman for any part of the debt secured by that mortgage, since he was not a party to the note or mortgage; nor to the plaintiff, since it did not appear that he received any benefit from the money obtained by the mortgage; and he therefore gained nothing from the payment or extinguishment of that mortgage by the sale. The plaintiff, for his own benefit, voluntarily placed an incumbrance of $300 upon his individual interest in the joint equity, which it became necessary to remove in order to make the sale asked for by the plaintiff and ordered by the court, and he alone received the benefit of the cancellation of his debt to Julia Hoffman, resulting from her purchase of the equity. He should, therefore, have been charged in the supplemental judgment with the payment of the full amount of the $300 mortgage.

The claim of the plaintiff, that he has paid the $300 mortgage since the sale, is not supported by the record. If he has paid the mortgage since it was discharged and the mortgage debt cancelled, his remedy is against the person to whom he paid it.

The finding of the Superior Court by its first judgment, that the plaintiff and defendant were equal owners of the equity under the first mortgage, is not inconsistent with the

fact that the plaintiff had mortgaged his individual interest. The plaintiff continued to be the owner of an undivided one half of the joint equity after he had mortgaged his said interest. *Lacon* v. *Davenport*, 16 Conn. 331, 340.

The order to sell the equity subject to the joint mortgage, was not an adjudication that any part of the $300 mortgage was a charge upon the defendant's interest in either the land or the avails of the sale. The order of sale would perhaps have been different in form had the existence of the second mortgage been brought to the attention of the court when that order was made, but whether the property had been sold subject to the first mortgage or to both mortgages, it would have been the duty of the court by its supplemental judgment distributing the proceeds of the sale, which stood in the place of the land, to protect the real interests of the parties (*Johnson* v. *Olmsted*, 49 Conn. 509, 519; General Statutes, §1309), and to charge the plaintiff with the full amount of the second mortgage.

The judgment upon the accounting rendered before the order of sale, was not an adjudication that the defendant should pay any part of the $300 mortgage. The purpose of the accounting was to determine whether either party had received, used, or taken the benefit of the joint estate in greater proportion than the amount of his interest therein. General Statutes, § 1039. The fact that one of the parties had mortgaged his individual interest for the payment of money received by him from a third party, could not affect that inquiry, and was not a proper matter to be considered upon the accounting.

It was not competent for the court by the supplemental judgment to charge the defendant with any part of the $216 expended by the plaintiff in building the barn. The barn was built prior to the commencement of this action. Whether the plaintiff had paid more than his part for the improvement of the joint property was not only a proper subject of inquiry at the accounting, but that question was within the issues framed and decided upon the accounting. The plaintiff alleged in his substituted complaint that he had expended

Rentz v. Eckert.

$400 in necessary repairs and improvements upon the premises, and this was denied by the answer to the complaint. In his answer the defendant also alleged that he had expended more than the plaintiff in the common enterprise, and this was denied by the plaintiff in his reply. Each party asked for a judgment for the balance that might be found due him, and the court rendered judgment that the plaintiff owed the defendant $83.68. That judgment was final, and precluded the parties from again litigating, at the hearing upon the supplemental judgment, the question of what sums had been expended by them for improvements made prior to the commencement of the action.

It was unnecessary for the defendant to plead the first judgment, at the final hearing, as it was a part of the record in the case then before the court. *Cox* v. *McClure,* 73 Conn. 486. In fact the court in its supplemental judgment followed the judgment rendered upon the accounting, to the extent of allowing to the defendant the balance of $83.68.

By the supplemental judgment, after deducting the expenses, $63.50, from $2,180, the value of the joint equity, there should have been given to the defendant one half the remaining $2,116.50 plus the $83.68 found to be due him from the plaintiff, and to the plaintiff one half said $2,116.50 less the $83.68 due from him to the defendant, and less the $300 which he had received by the payment of his debt and mortgage to Julia Hoffman, making the sum to be paid the defendant $1,141.93 and to the plaintiff $674.57.

There is error and the case is remanded that judgment may be entered up in accordance with this opinion.

In this opinion the other judges concurred.