JOHN McWILLIAMS ET AL. *vs.* CLARA L. B. MORTON ET AL.

Second Judicial District, Norwich, April Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and HAINES, Js.

One who has a recorded, unexpired option to purchase the interest of one of several tenants in common, may properly be made a party respondent in a suit for the partition or sale of the realty; for although he has no interest in the land itself which can be partitioned, he may have a possible interest in the division of the avails of a sale should one be decreed in lieu of a partition.

Under such circumstances the option-holder cannot be aggrieved by a judgment merely ordering a sale of the property and the payment into court of the proceeds for distribution to the respective parties as their rights therein may thereafter be determined, especially if no costs are awarded against him.

It is within the discretion of the trial court to exclude on cross-examination an inquiry that the witness has already answered, in effect, several times.

One of the plaintiffs—and the only witness in the case—testified that

McWilliams v. Morton.

they owned an undivided five sixths of the property, and laid in evidence their deeds. On cross-examination he stated that two years ago they had given an option on the premises, and, on re-direct, that it had been released in writing since the commencement of the trial and that no one then had any claim upon the property. Counsel for the plaintiffs made a similar statement to the court, saying that he was authorized so to do by the releasors of the option, and that while he was willing to show the release to the court, he did not think it necessary to put it in evidence. Thereafter, under further cross-examination, the witness was asked if he would produce the original option and its release, which he admitted were in his possession, and these questions, on objection, were excluded and exceptions taken. It did not appear that the so-called option had been recorded in the land records. *Held* that if the defendants had really desired and intended to introduce these papers as evidence in their own behalf in the orderly and regular way, they could readily have done so by calling the witness to the stand and requiring him to produce the papers to be offered as their evidence; and that they were not harmed by the ruling excluding the questions objected to during the cross-examination of the plaintiffs' witness.

Argued April 25th—decided July 7th, 1922.

Suit for a partition or sale of real estate alleged to be owned by the parties in common, brought to the Superior Court in New London County where a demurrer to the complaint by the defendant James Morton was overruled (*Wolfe, J.*) and the cause was afterward tried by the court, *Hinman, J.;* facts found and judgment rendered for the plaintiffs, ordering a sale of the property, from which each of the defendants appealed. *No error on either appeal.*

The original complaint, dated January 21st, 1920, alleged that the plaintiffs and the defendant Clara L. B. Morton, as tenants in common, owned and were in possession of certain real property in the town of Norwich, of which the plaintiffs owned equally five sixths, and the defendant one sixth. The plaintiffs asked for a partition of the property according to the respective rights of the parties, or if a partition

could not be made without material injury to those rights, a sale of the property and a division of the proceeds among the parties according to their rights. On motion of the plaintiffs, on November 30th, 1920, the court ordered James Morton to be cited in as a party defendant, and the plaintiffs amended their complaint by alleging that James Morton was the owner of a written option to purchase the interest of the defendant Clara L. B. Morton in the property described, which was recorded in the land records of the town of Norwich on September 29th, 1919, and thereafter was transferred to him by an assignment recorded in the same records on October 7th, 1920; and that as owner of this option, James Morton might have an interest in the property which might be affected by the judgment rendered in this action. The defendant Clara L. B. Morton filed an answer admitting that she owned an undivided one sixth of the real estate, and asserting that she had no knowledge or information concerning the other allegations of the original complaint sufficient to form a belief; but made no pleading to the amended complaint. The defendant James Morton demurred to the amended complaint, because he had no interest in the real estate described therein subject to be partitioned or to be affected by a partition thereof. The court overruled this demurrer, and upon his refusal to plead further, rendered judgment in favor of the plaintiffs against the defendant James Morton, but without costs. Having heard the parties, the court rendered judgment against both defendants, directing the sale of the real estate and the payment into court of the money arising from such sale. The defendant James Morton appeals, assigning the overruling of his demurrer as error. The defendant Clara L. B. Morton appeals, assigning certain rulings on evidence as error.

*Thomas M. Shields* and *William H. Shields, Jr.*, for the appellants (defendants).

*Jeremiah J. Desmond*, for the appellees (plaintiffs).

BURPEE, J. It is true that the appellant James Morton, as he asserts in his demurrer to the amended complaint, has no interest in the real estate described therein which could be partitioned. His recorded encumbrance was by its terms fastened only upon the moiety of the real estate owned by the defendant Clara L. B. Morton, and his interest in the property is confined within her moiety and is identical with her individual interest. She continued as cotenant to be the owner of her interests, and the other cotenants' rights to a partition of the real estate were not disturbed by James Morton's encumbrance. He was not a necessary party to an action for partition merely, although it was better for all parties that he should be made a codefendant, because in him and in the other defendant together lies the whole title to an undivided part of the property which is the subject of the action. *Johnson* v. *Olmsted*, 49 Conn. 509, 518; *Nichols* v. *Nichols*, 79 Conn. 644, 653, 66 Atl. 161; 30 Cyc. 209.

But evidently the principal purpose of this action is not a partition of the real estate, but its sale and the distribution of the money arising therefrom, by a subsequent order of the court, among all persons interested in the estate, in proportion to their interests. General Statutes, §§ 6073, 6077. In proceedings toward such objects, James Morton may have an interest which will be considerably affected. By recording his assignment of the option in the land records of the town, he has caused it to appear that he is one of the persons interested in the proceeds of the sale,

which will take the place of the real estate subject to his lien, and which it will be the duty of the court by its supplemental judgment to distribute as the law requires. Since he thus formally pretends that he is concerned in the subject-matter of the action, he is a necessary party to enable the court to adjust the rights and duties of all persons interested and make a final determination of the matter in controversy. *Nichols* v. *Nichols*, 79 Conn. 644, 653, 66 Atl. 161; *Rentz* v. *Eckert*, 74 Conn. 11, 49 Atl. 203; 30 Cyc. 209.

His demurrer is not broad enough to include all his interests which are involved in the cause of action set out in the complaint and which will be affected by the judgment which orders a sale of the real estate in which both defendants claim interests. Therefore the demurrer was properly overruled; and upon the failure of the defendant James Morton to plead over, the judgments were legally rendered against both him and the other defendant.

It may be added that it is difficult to see how James Morton can be aggrieved by these judgments. He has, as he asserts, no interest that could be affected by a partition of this real estate; and he does not claim and it does not appear that any interest he has therein can be affected by the sale of the real estate in any way which will cause him any legal injury. All his rights which the law recognizes will be transferred from the land to the money arising from the sale. Neither he nor the defendant cotenant under whom he claims can expect anything more. It is not a legal objection to a sale that it will change the nature or diminish the value of the interest of any party. *Johnson* v. *Olmsted*, 49 Conn. 509, 517. If this defendant be legally aggrieved in these proceedings, it will be only in the supplemental order distributing the proceeds of the sale. Because he "thinks himself aggrieved by the

decision of the court " on certain questions of law, he has the right to appeal. General Statutes, § 5820; *Judkin* v. *Gates*, 60 Conn. 426, 22 Atl. 776. But upon his appeal there is no reason to set aside a judgment unless error shall be found which has in fact injuriously affected the appellant. General Statutes, § 5837.

The defendant Clara L. B. Morton assigns as reasons for her appeal certain rulings on evidence. One of the plaintiffs, who was the only witness during the trial, testified that the plaintiffs were owners of an undivided five sixths of the real estate described in the complaint, and produced their deeds, which were laid in evidence. On cross-examination he testified that since they had acquired their title by these deeds, they had not conveyed the property to any one, but that two years before they had given an option to sell their interest. On redirect examination he stated that this option had been released in writing and given up during the trial, and that no other person then had any option, claim or interest in this property. Counsel for the plaintiffs also stated to the court that all rights and claims under the option had been released in writing, and he was authorized to make that statement by the persons who had held the option; and he offered to show the release to the court, but did not think it necessary to put it in evidence. Thereafter, under further cross-examination, the same witness was asked if he was "sure" that "the paper" he called an option was an option; to which objection was sustained and exception noted. He was then asked if he would produce the original paper called an option; and this question was objected to and excluded, and an exception noted. The witness was next asked if he had any release of the option, and he answered that he had. Thereupon he was asked if he would produce it; and this question was excluded and exception

taken.  The counsel for the defendants then stated that in view of these rulings by the court, they had no evidence to offer.  It did not appear that the so-called option had been recorded in the land records of the town.

The only allegation in the complaint which the plaintiffs were required to prove was that they were the owners of an undivided five sixths of the real estate to be partitioned or sold.  As to that, they had produced evidence that the record title was in them at the time of the trial.  The testimony that two years before that time they had given an option to sell their interest in the property was off-set by the equally credible and forcible testimony that the option had been released and given up, and the court might reasonably consider it of no importance.  Since it did not appear that it had been recorded in the land records, it could have no weight as evidence of the title of a stranger to an interest in the land adverse to that of the plaintiffs. *Whiting* v. *Gaylord,* 66 Conn. 337, 349, 34 Atl. 85.

It was within the discretion of the court to exclude the question whether the witness was "sure " that "the paper " which had been released was an option, since the witness had already testified repeatedly that it was.  If the defendants desired to produce evidence to contradict the testimony concerning the character and effect of these papers, it was their privilege to do so; and it was easily within their power to summon to the stand the witness then in court, who admitted that he had these papers in his possession, and compel him to produce them to be offered as the defendants' evidence.  Their neglect to take this course cannot be explained or excused by the rulings of the court; because these rulings were evidently made upon the assumption that these papers were what the witness had said they were, and therefore that the plaintiffs

were not bound to produce them. After the plaintiffs had introduced their evidence that the record title was in them, they must prevail in their action unless the defendants should show some reason to the contrary. *Joyce* v. *Dyer*, 189 Mass. 64, 65, 75 N. E. 81; 30 Cyc. 242–245. If they really desired and intended to present evidence to show a reason why the plaintiffs should not prevail, they should have offered it as a part of their defense in the regular order of trial, and they were not legally aggrieved because the court, in the exercise of its discretion, excluded such evidence during the cross-examination of the plaintiffs' witness.

There is no error.

In this opinion the other judges concurred.