## KATHARINE BROWN BURT
*vs.*
## EDITH BROWN DAVIS

Superior Court       New London County       File No. 15838

MEMORANDUM FILED NOVEMBER 14, 1944.

*Morris Lubchansky,* of New London, for the Plaintiff.

*L. Horatio Biglow,* of Deep River, for the Defendant.

INGLIS, J. . This is an action for a partition by sale of certain real estate, the complaint alleging that the plaintiff is the owner of an undivided two-thirds interest and the defendant is the owner of an undivided one-third interest in the property.

The first special defense of the amended answer filed by the defendant Davis, to which this demurrer is addressed, alleges that the property was originally a part of the estate of Catherine A. Brown, who died testate on January 11, 1928, and that the tenth clause of her will devised the property to her three daughters, Mrs. Burt, Mrs. Davis and Mrs. Vreeland, with certain directions as to the occupancy of it by them until it should be disposed of. The twelfth clause of the will appointed the three daughters as executrices of the will without bond and provided as follows: ".... but it is my will and desire that no part of my real estate at Lyme known as "Tantummeheag' be sold or disposed of without the consent of all of my said Executrices." On February 9, 1929, the final account of the executrices was allowed by the Probate Court, and on March 1, 1929, a distribution certificate was made and filed certifying that the estate had been fully administered and that by the tenth clause of the will the property was devised to said three daughters.

It is further alleged that on January 29, 1942, Mrs. Vreeland attempted to sell and convey her undivided one-third interest to the plaintiff, but that this defendant has never given her consent to that transfer.

The second special defense incorporates all of the foregoing allegations and adds that at the time of the conveyance from Mrs. Vreeland to Mrs. Burt, she, Mrs. Vreeland, was of unsound mind.

Mrs. Vreeland has been ordered to be cited in as a party defendant but has not filed any answer of her own nor has she adopted as her answer the answer of the defendant, Mrs. Davis.

It appeared in argument that the essence of the defendant's claim as contained in these two defenses is that the conveyance to Mrs. Burt from Mrs. Vreeland is either void or voidable. It might well be pointed out in passing that the conveyance even though it were void has not deprived the defendant, Mrs. Davis, of any of her property. It may have given rise to a cause of action in Mrs. Vreeland as against Mrs. Burt, but has not affected Mrs. Davis adversely so as to give

her any ground for complaint. But, aside from that, the real point is that whether the conveyance is void or voidable or is valid makes no difference so far as a judgment of partition by sale is concerned. Whatever the exact interest of the plaintiff in the property may be, whether she owns a one-third or a two-thirds interest, the fact remains that without question she is a cotenant. *Griswold vs. Johnson*, 5 Conn. 363. As such she is entitled under the statute to demand a partition. (Gen. Stat. [1930] §§5922, 5927.) *Johnson vs. Olmsted*, 49 Conn. 509. If there is a conflict among cotenants as to the quantum of their respective interests it will be settled when it comes to a distribution of the proceeds of the sale. *McWilliams vs. Morton*, 97 Conn. 514. The existence of such a conflict is no obstacle to the sale of the property. It certainly gives no one who is not a party to such conflict any right to prevent such sale. Accordingly, an allegation that a purported conveyance from one cotenant to another is void or voidable cannot be a defense as against a judgment of partition by sale, particularly when the party who alleges it is not the cotenant who made the conveyance.

The allegations of the first special defense may offer the basis for a claim which was not pressed by the defendant in argument. That is a claim that the provisions of the twelfth clause of the will of Catherine A. Brown against the sale of this property would now apply to prevent a sale in partition. Aside from the question as to whether those provisions calling for the unanimous consent of all three executrices are mandatory or merely precatory, a reading of the will as a whole makes it clear that the testatrix intended that they should apply only to such sale as might be contemplated pending the settlement of the estate. What she "desires" is that there be no sale except with the consent of all three of the "executrices." The provision appears only in the paragraph of her will which has to do with the administration of her estate. After her estate was completely administered and this real estate was distributed her executrices as such would be *functi officio* so far as this particular real estate is concerned. It is hardly likely that the testatrix would intend that the property should never be sold without the unanimous consent of executrices who had ceased to function as such. On the whole, the reasonable construction of this provision is that so long as the executrices as such had control of the property it was not to be sold except with their unanimous consent but should be kept intact pending the settle-

ment of the estate so as to be available for distribution to her daughters as tenants in common as provided in the tenth paragraph of the will. The will does not express any intent that after such distribution the disposition of the interest devised to each daughter should be forever subject to the veto of some one of the executrices. That being the case, the provisions of the will requiring unanimous consent of the executrices to a sale of the property offer no basis for refusing to order a sale in partition proceedings now.

For the foregoing reasons the demurrer is sustained.