MICHAEL C. LEVAY v. JOSEPHINE S. LEVAY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 2—decided July 11, 1950

*Harold E. Stuart,* for the appellee (plaintiff).

*Abraham D. Slavitt,* with whom was *Thomas Lena,* for the appellant (defendant).

O'SULLIVAN, J. This is an action for partition brought in 1948 by the plaintiff against his wife. The defendant filed an answer admitting certain allegations and pleading no knowledge as to others. She also filed a special defense, alleging what amounted to claims of an equitable nature aimed at reducing the value of the legal one-half interest of which she conceded her husband to be the owner. On November 1, 1949, the court entered a judgment which incorporated a finding that each party owned an undivided one-half interest in the described parcel of land. The judgment further provided for the appointment of a committee to sell the property at public auction, subject to a recorded mortgage; the successful bidder was to pay 10 per cent of his bid in cash and the balance on the confirmation of

the sale by the court; the committee was ordered to submit for the court's approval a deed of the property and to pay into court the moneys received from the sale. The judgment concluded by reciting that, "upon further hearing, and order of this Court, distribution of the proceeds shall be made among the parties in proportion to their interests."

The committee's report disclosed that the defendant, as the highest bidder, bought the property for $15,000, subject to the mortgage, and that she paid $1500 on the purchase price. On February 3, 1950, the court confirmed the sale. The defendant refused to accept a court-approved deed or to pay the balance of the purchase price because, in addition to the mortgage, the plaintiff's undivided interest was subject to a judgment lien. This lien grew out of an action for divorce brought by Mrs. Levay in which she sought alimony and support for her children. She attached her husband's interest in the property involved in the partition action. She obtained a decree of divorce and an order requiring Levay to pay stated weekly sums as alimony and for support. On the theory that the monetary phase of the decree was an unsatisfied judgment within the meaning of § 7225 of the General Statutes, she caused to be recorded on the land records a certificate, the purpose of which was to effect a lien against her husband's interest in the realty, as security for the claimed unsatisfied judgment.

On March 13, 1950, the defendant filed a motion wherein, after reciting the facts upon which her refusal to pay the balance of the purchase price was based, she requested a determination of the validity of the judgment lien. The court held that the lien, designed as it was to secure an indefinite indebtedness accruing over a future period of uncertain duration, was not a valid incumbrance upon the plaintiff's undivided in-

terest in the realty. Within two weeks the defendant appealed. The plaintiff has filed a motion to erase the appeal on the ground that the ruling was not a final judgment. He has also filed a plea in abatement, which is overruled pro forma because of the view we take of the ruling in question.

Appeals are allowable only from final judgments. *General Statutes* § 8003; *Stamford Dock & Realty Corporation* v. *Stamford,* 124 Conn. 341, 342, 200 A. 343. The test lies in the effect upon the rights of some or all of the parties. If such rights are concluded, so that further proceedings after the entry of the order or decree of the court cannot affect them, then the judgment is a final judgment from which an appeal lies. *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.,* 108 Conn. 304, 307, 142 A. 838; *Hiss* v. *Hiss,* 135 Conn. 333, 336, 64 A. 2d 173; *Potter* v. *Appleby,* 136 Conn. 641, 643, 73 A. 2d 819. On the other hand, "It is the office of an interlocutory judgment to order what further steps shall be taken and facts decided in preparation for the final judgment." *Preston* v. *Preston,* 102 Conn. 96, 123, 128 A. 292.

In passing upon the motion of March 13, 1950, the court made a ruling which ordinarily should have been postponed until the hearing upon the final distribution of the funds received from the sale. The purpose of the defendant in filing the motion apparently was to establish the validity of the lien and thereafter to tender to the committee a lesser amount than that of her offer, on the theory that the lien provided a credit for her. This she cannot do. In order to carry out her bid she must pay the balance of $13,500, leaving for determination in subsequent proceedings the distributive share to which each is entitled. The fund received from the sale will be the equivalent of the property, and so much of it as represents the interest of the plain-

tiff will remain subject to the lien to the same extent as if no sale had taken place. *Johnson* v. *Olmsted,* 49 Conn. 509, 519; *McWilliams* v. *Morton,* 97 Conn. 514, 518, 117 A. 557. Although each party was the owner of an undivided one-half interest in the property, it does not follow that he or she will necessarily be entitled to equal shares of the moneys obtained from the sale. Equities must be considered and, if established, must be liquidated before distribution is ordered. *Rentz* v. *Eckert,* 74 Conn. 11, 16, 49 A. 203.

In the case at bar, the lien, if found valid, will be reflected in the reduction of the plaintiff's share of the fund. That, however, must await the hearing for distribution. At that time the court may or may not follow the ruling on the motion of March 13. "A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision." *Santoro* v. *Kleinberger,* 115 Conn. 631, 638, 163 A. 107. But whether the ruling is followed or not is of no significance. The important fact is that there still remains for determination the proper distribution of the funds. The defendant's right to assert the validity of the lien not having been concluded, no final judgment exists upon which to predicate an appeal.

The plea in abatement is overruled; the motion to erase is granted.

In this opinion the other judges concurred.