[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
This is an action for partition of property acquired through intestate succession. On January 16, 1987 Anton O. LeKang died intestate. The two pieces of property that he owned, known as 47 Pratt Street and 81-83 Pratt Street in Winsted, Connecticut, passed to his sons and heirs, one-half each to Anton L. LeKang, father of the plaintiffs, and Norman LeKang, the defendant. On August 15, 1989 Anton L. LeKang died intestate. His undivided one-half interest in these properties passed to his sons and heirs, David LeKang and Donald LeKang, the plaintiffs.
On September 17, 1990 the plaintiffs, David LeKang and Donald LeKang, filed a one count complaint for the partition and sale of real estate against the defendant, Norman LeKang. The plaintiffs allege in their complaint that they and the defendant, their uncle, are co-owners as tenants in common of one parcel of real property located at 47 Pratt CT Page 7532 Street in Winsted, Connecticut. The plaintiffs seek a partition of the property or a sale and division of the proceeds according to the rights of the parties, and an accounting as provided in General Statutes 52-404.
On December 14, 1990 the defendant filed an answer and two count counterclaim. In the first count of his counterclaim the defendant alleges that the plaintiffs and the defendant each own an undivided one-half interest in two parcels of property, 47 Pratt Street and 81-83 Pratt Street, both in Winsted, Connecticut. He further alleges that the parties cannot agree on an equitable division of the properties and cannot equitably share the income and expenses of the properties. In the second count of his counterclaim the defendant further alleges that the plaintiffs have exclusive possession of the property at 47 Pratt Street and have denied him equal access. The defendant also seeks a partition of the real estate according to the rights of the owners and an accounting. On May 7, 1991 the plaintiffs filed an answer to the defendant's counterclaim and a notice of closed pleadings.
On May 12, 1992 the plaintiff filed a motion for summary judgment directed against the defendant's counterclaim together with a supporting memorandum of law and nine exhibits. These exhibits include:
1. A copy of the plaintiffs' amended complaint for partition of sale,
2. Copies of the deeds of sale of plaintiffs' and defendant's interest in the property at 47 Pratt Street,
3. A copy of the closing statement for the sale of 47 Pratt Street which showed $30,000.00 held in escrow for the resolution of this action and a second action which has been consolidated with this one, $8,200.00 held in escrow pending a decision on plaintiffs' motion for order of sale which is not presently before the court, and the remaining funds after the payment of taxes, fees and commissions equally distributed, one-half to the plaintiffs, one-half to the defendant,
4. A copy of a letter from the plaintiffs' attorney to the defendant's attorney indicating that the $8,200.00 mentioned above would be held in escrow by the plaintiffs' attorney,
5. A copy of the plaintiffs' motion for order of sale,
6. A copy of the defendant's answer and counterclaim,
7. Copies of the deeds of sale of the parties' interests in 81-83 Pratt Street,
8. A copy of the defendant's complaint in a second suit against the plaintiffs, filed November 12, 1991, for a claim against Anton L. LeKang's estate which plaintiff David LeKang, administrator, had denied, and CT Page 7533
9. An affidavit of David LeKang stating that he had never denied Norman LeKang access to 47 Pratt Street and that Norman LeKang had visited the premises and removed personal property.
On May 28, 1992 the defendant filed a memorandum in opposition to the motion for summary judgment accompanied by the affidavit of the defendant's attorney attesting to the authenticity of three attached exhibits and stating that the ownership of the $30,000.00 being held in escrow has not yet been determined. The three exhibits attached are: (1) a copy of a letter from the plaintiffs' attorney to the defendant stating that, regarding the distributions to the parties made in connection with the sale of 47 Pratt Street, the payment to the estate of Anton L. LeKang was not being treated by the estate as payment in full of amounts the defendant allegedly owed the estate; (2) a copy of a stipulation that each party would place $15,000.00 from the proceeds of the sale of 47 Pratt Street into escrow pending resolution of these claims, and (3) Norman LeKang's offer of proof of his proposed testimony regarding the second suit by Norman LeKang against David LeKang and Donald LeKang.
"`The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law.'" Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582
(1984), quoting Dougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382
(1971). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380.
In their motion for summary judgment the plaintiffs argue that both properties have been sold and, therefore, that there are no remaining claims, while the plaintiffs' complaint only concerns the property at 47 Pratt Street, a copy of the closing statement prepared in connection with that sale, and copies of the deeds transferring ownership of 81-83 Pratt Street. Since the plaintiffs did not include an affidavit attesting to the authenticity of these documents or certified copies of the deeds, they are insufficient to support a motion for summary judgment. See Farrell v. Farrell, 182 Conn. 34, 39, 483 A.2d 415 (1980).
The pleadings in this case, plaintiffs' amended complaint for partition, defendant's answer and counterclaim and plaintiffs' answer to defendant's counterclaim, do not support the plaintiffs' claim that the property has been sold and, therefore, that the counterclaim is moot. Even if the plaintiffs' exhibits were properly admissible, however, the motion for summary judgment should be denied.
The first count of the defendant's counterclaim alleges that the parties cannot agree on an equitable division of the properties or an equitable sharing of expenses and income from the properties. The plaintiffs admit these allegations. Therefore, the defendant seeks a CT Page 7534 partition of the properties and an account, as allowed under General Statutes 52-404(b).
 Although each party was the owner of an undivided one-half interest in the property, it does not follow that he or she will necessarily be entitled to equal shares of the moneys obtained from the sale. Equities must be considered and, if established, must be liquidated before distribution is ordered.
Levay v. Levay, 137 Conn. 92, 96, 75 A.2d 400 (1950), citing Rentz v. Eckert, 74 Conn. 11, 16, 49 A. 203 (1901). The court may order a partition of the property; General Statutes 52-495; or, if the interests of the parties would be better served, the court may order a partition by sale; General Statutes 52-500. In the latter situation, the court would appoint a committee to conduct the sale and pay the proceeds into court. Then, by order of the court, the proceeds remaining after deducting the costs and expenses of the sale would be divided among all persons with an interest in the property according to their respective interests. General Statutes52-502(b). Although the partition by sale may be viewed as a different step in the process from the hearing to determine the proper distribution of the proceeds; see Gaer Bros., Inc. v. Mott, 147 Conn. 411, 415,161 A.2d 782 (1960); Levay v. Levay, supra, 95; an action for partition, or alternately partition by sale, is completed only when the property is sold and all proceeds are equitably divided; see Mille v. Sauerbrey,3 CSCR 827, (September 21, 1988, Thompson, J.).
When a process has not been completed, showing compliance with one step in that process does not render court action based on that step moot. Westport v. State, 204 Conn. 212, 218, 527 A.2d 1177 (1987). In this case both parties acknowledge that the properties have been sold. The plaintiffs claim that this sale makes the defendant's counterclaim for partition moot. The defendant points out, however, in the documents presented with his memorandum in opposition that $30,000.00 is still being held in escrow. Until all the proceeds are equitably divided, the partition process has not been completed and the defendant's counterclaim is not moot. Balancing the equitable interests of the parties in that money raises question of fact. Plaintiffs' motion is denied,
SUSCO, J.