[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves an action for the partition of real estate located at 69 Sea Beach Drive in Stamford and for the distribution of a number of items of personal property. The plaintiff, Bruce Kelley, and the defendant, Suzanne Barnett, were involved in a romantic relationship during which they purchased the subject premises in February, 1993, as joint tenants. The romance had deteriorated by June, 1995, when the plaintiff vacated the premises.
In the first count of his amended complaint, dated August 14, 1996, the plaintiff alleges that, after he had vacated the premises, the defendant continued to reside at 69 Sea Beach Drive, Stamford, but refused to pay the mortgage or real estate taxes due on the premises, causing a foreclosure action to be commenced. The plaintiff also alleges that the defendant failed to maintain the property, which he described as in a state of "disrepair." The plaintiff seeks a partition of the property pursuant to General Statutes § 52-495.[1] In the second, third, fourth and fifth counts, the plaintiff alleges that the defendant has been unjustly enriched, that the defendant has converted the property to her own use, that the plaintiff is entitled to a replevin[2] of his personal property remaining on the subject premises and that the defendant converted certain personal property belonging to the plaintiff.
The defendant filed an answer, essentially denying the material allegations of the complaint. The defendant agrees, however, that she did not make any mortgage or tax payments after the plaintiff vacated the property in June, 1995, and that there were certain items of personal property remaining on the subject premises that belonged to the plaintiff. The defendant, who appeared pro se throughout these proceedings, filed six special CT Page 564 defenses. The first such defense contends that when the plaintiff vacated the premises, he knew that the defendant was ill and could not make the mortgage and tax payments that were due and owing. In the second special defense, the defendant claims that the plaintiff should be estopped from maintaining the present action for the reasons set forth in the first special defense. In the third special defense, the defendant alleges that the plaintiff breached an agreement that he would return to the premises and complete certain renovations and improvements to make the premises "marketable." The fourth special defense claims that the plaintiff waived his right to bring a partition action. The defendant contends in her fifth special defense that she is entitled to a "set off" for money she spent on the property and for the value of the labor of herself and her family in repairing and renovating the subject premises. In her sixth special defense, the defendant alleges that the plaintiff failed to "mitigate" his damages.
The defendant filed a counterclaim with three counts. In the first count, the defendant alleges that she and her family contributed a significant amount of money and labor to the improvement of the subject premises, that the plaintiff failed to abide by an agreement to pay one half of a tax bill, and that the defendant contributed her labor to the repair of a house that the plaintiff owned in New Paltz, New York. In the second count of her counterclaim, the defendant alleges that she is entitled to "recover the reasonable value" of the labor and services she contributed to the subject premises. In the third count, the defendant claims that she is entitled to recover the money and labor contributed by herself and her family to the subject premises by reason of a "quasi contract" between herself and the plaintiff.
After conducting a three day bench trial and reviewing the exhibits submitted by the parties, the court believes that a partition by sale should be ordered, and appoints Attorney Robert A. Skovgaard, 1234 Summer Street, Stamford, to conduct the sale on March 1, 1997, with advertising and other conditions as ordered by the committee.[3] The major issue in this case is how to divide the equity, if any, after the sale has been completed. The court believes that the most equitable division is 66 2/3% for the plaintiff and 33 1/3% for the defendant, after all liens, taxes and the usual expenses of sale have been deducted, including committee's fees and disbursements. The "credits" claimed for various living and household expenses are CT Page 565 denied. The parties were living together at the time of these expenditures, which were made for the joint benefit of the plaintiff and the defendant.
The division of 66 2/3%-33 1/3% has been arrived at by comparing the amount of money and labor each party has put into the subject premises. The fact that the property is held jointly does not necessarily mean that the property should be divided equally between the parties. "Although each party was the owner of an undivided one-half interest in the property, it does not follow that he or she will necessarily be entitled to equal shares of the moneys obtained from the sale. Equities must be considered and, if established, must be liquidated before distribution is ordered." Levay v. Levay, 137 Conn. 92, 96,75 A.2d 400 (1950). It is clear that most of the money used to purchase the property was furnished by the plaintiff.[4] It is also equally true that the defendant contributed a great deal of physical effort, and some money, to purchasing, maintaining, repairing and improving the property.[5] The plaintiff also performed considerable work on the subject premises, as well as making the vast majority of mortgage, tax, and insurance payments, in the approximate amount of $45,000, until he left the premises. The plaintiff also paid a large sum of money, approximately $65,000, for materials used in the renovation of the house. All of these factors have been considered in determining the division of the net proceeds from the sale of the house.
Another issue is whether certain renovations that would enhance the value of the premises should be made before the premises are sold. The plaintiff states that he is willing to take possession of the premises and to make such renovations and improvements. The defendant states that the plaintiff should not be permitted to do this work, and that she should remain on the premises and supervise the improvements. The parties have had a long time to put aside their animosity and work out, in an amicable fashion, a plan to make such improvements, but have been unable to do so. Therefore, the premises should be sold "as is," in their present condition.
The evidence indicates that the plaintiff is entitled to the return of certain items of personal property that either belonged to him prior to the commencement of the relationship between the parties, or were the subject of an understanding between the parties.[6]
CT Page 566
Thus, judgment enters that a sale by partition should take place, and that the defendant is entitled to be reimbursed from the proceeds of such sale for her effort and contributions to the repair and renovations of the subject premises on the basis of 33 1/3% of the net proceeds of sale, without deduction for use and occupancy of the premises. In addition, $6,000, currently being held in escrow by the plaintiff's attorney, should be released to Farrell Reynolds, the defendant's brother-in-law. Both parties are responsible for his and her respective attorney's fees.
No costs shall be taxed.
So Ordered.
Dated at Stamford, Connecticut, this 8th day of January, 1997.
William B. Lewis, Judge