[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON THE DEFENDANTS' MOTION TO STRIKE
In this partition action, the defendants have moved to strike the complaint on the ground that the plaintiff has failed to name a necessary party. The defendants maintain that Stop Shop Supermarket Company is a necessary party to this action because Stop Shop has instituted an action against the plaintiff alleging that the transfer of the subject property to the plaintiff from Alan Loeser was a fraudulent conveyance. Stop Shop has placed a lis pendens on the property asserting this fraudulent conveyance claim. The motion to strike is granted as more fully stated as follows.
As a general rule, a mortgagee or lienor is not a necessary party to a partition action because their interests in the property are not affected by an order of partition. In the absence of payment from the proceeds of a partition sale, these interests continue on the property and may be asserted against either the cotenant or partition purchaser after a partition or a sale of the property. Nevertheless, "[i]t is now generally recognized that a mortgagee or other holder of a lien on an undivided interest in real property is a proper party to proceedings for its partition, provided his lien existed at the commencement of such proceedings." 59 Am.Jur.2d, Partition § 187; see generally, McWilliamset al. v. Morton et al., 97 Conn. 514, 517-518 (holding that a holder of written option to purchase an interest in the property may be made a party to the partition action.)
The plaintiff does not appear to contest the general proposition that a mortgagee or lienor may be made a party to a partition action as evidenced by the fact that she has named People's Bank as a defendant in this case based on its mortgage on the property. The thrust of her objection appears to be based on the fact that Stop Shop has only filed a lis pendens on the property and not an attachment; The plaintiff insists that Stop Shop has no "interest" in the property because a lis pendens itself simply constitutes notice to third parties that a lawsuit is pending and that Stop Shop is seeking to establish a right in the property. See Connecticut v. Doehr, 501 U.S. 1, 29 (1991) (Rehnquist, C.J., concurring).
The plaintiff is correct that there are significant legal differences between an attachment and a lis pendens, but the plaintiff's reliance onDoehr in the context of the instant case is inaccurate. Simply because a lis pendens may not create an "interest" in the property sufficient to implicate due process, pre-filing notice concerns, does not mean that a lis pendens does not affect the property in a manner to give the filer an interest in a partition action. The lis pendens statute, General Statutes Section 52-325, itself provides that a lis pendens shall "be notice to CT Page 874 any person thereafter acquiring any interest in such property of the pendency of the action, and each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter obtained, by descent or otherwise, shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the action." See also, Connecticut v.Doehr, supra, 501 U.S. 29 (Rehnquist, C.J., concurring) (the filing of a lis pendens "will have an effect upon the defendant's ability to alienate the property, or to obtain additional security on the basis of title to the property . . .").
In her prayer for relief the plaintiff seeks a partition by sale, but any partition purchaser will assume title to the property subject to Stop Shop's lis pendens. In this lis pendens Stop Shop has given notice of its claim that the plaintiff's own interest in the property is voidable because it was fraudulently obtained. Under Section 52-325, a partition purchaser will be bound by any adjudication of this claim in Stop Shop's favor, and therefore, the court's ability to effect a partition will be adversely affected because prospective buyers will be discouraged by this cloud on the title. Stated differently, Stop Shop's lis pendens is no mere lien, but it is a claim implicating the plaintiff's ownership interest and standing in this case. "As set forth in section 10-39 [of the practice book], the exclusive remedy for nonjoinder of parties is by motion to strike." P.B. § 11-3.
The plaintiff's concern that she should not be required to litigate the fraudulent conveyance claim in this partition action is also misplaced. In a partition action, the court may exercise its discretion to fashion appropriate equitable relief Thus, the court may, for example, order that the plaintiff's share of the proceeds from the partition sale be held in escrow pending disposition of the Stop Shop litigation. Nevertheless, the crucial consideration is that the court's ability to issue an order of partition sale free from Stop Shop's lis pendens claim will be significantly impacted, if not frustrated, if Stop Shop is not a party to the partition action. If a claimant or lienor is a party to the action, the court may issue orders directed to this individual as the circumstances may warrant or justify, but the court is without such authority if this individual is not a party. See generally 68 C.J.S. Partition § 189 ("As a general rule, a partition purchaser takes subject to liens and encumbrances on the property unless the holder of the lien or encumbrance is a party to the proceedings and the decree provides for a sale free of liens and encumbrances . . .")
Therefore, the defendants' motion to strike is granted as follows: the plaintiff shall have leave to move to cite in and add Stop Shop as a CT Page 875 defendant to this action within two weeks, and in the absence of such a motion, the revised complaint shall be stricken and this case will accordingly be dismissed.
So ordered this 14th day of January 2002.
STEVENS, J.