RONNI S. BREITER *v.* JEFFREY R. BREITER
(AC 22132)

Lavery, C. J., and DiPentima and Mihalakos, Js.

Argued September 24—officially released December 2, 2003

*Steven R. Dembo*, with whom, on the brief, was *P. Jo Anne Burgh*, for the appellant (plaintiff).

*Steven M. Ford*, for the appellee (defendant).

*Opinion*

DiPENTIMA, J. This appeal arises out of a dissolution of marriage action between the plaintiff, Ronni S. Breiter, and the defendant, Jeffrey R. Breiter. The plaintiff appeals from the trial court's denial of a postjudgment motion. The plaintiff claims that the court improperly (1) interpreted the phrase "financial records," as used in the parties' separation agreement, which was incorporated into the judgment, when the

parties did not ask for interpretation or construction of such language and when no evidence was introduced with respect to the parties' intent in using such language, and (2) found that the plaintiff was not entitled to copies of financial records of the defendant's business, the Center for Medical Research, LLC (center). We reverse the judgment in part and affirm it in part.

The court dissolved the parties' marriage on September 7, 2000, and incorporated into the terms of the judgment a separation agreement reached by the parties on August 30, 2000. Section 4 (b) of that agreement states in relevant part: "The Husband shall pay to the Wife as additional alimony a sum equal to ten [percent] (10%) of the gross receipts . . . for medical research studies performed by the [center] . . . payable quarterly, in arrears, on March 31st, June 30th, September 30th and December 31st of each year. Each payment shall be accompanied by a quarterly statement of gross receipts of [the center] prepared by [the center's] accountant. [The center's] financial records shall be subject to review by Wife's accountant up to four times per year. . . ."

On May 11, 2001, the plaintiff filed a motion for modification or clarification, seeking to clarify that portion of the parties' agreement that stated that the center's "financial records shall be subject to review by Wife's accountant up to four times per year. . . ." The court held a hearing on the matter on June 13, 2001. The court rendered an oral decision denying the plaintiff's motion. In its decision, the court found the language in the agreement to be clear and unambiguous. The court, however, went on to address the term "financial records." The court found that "financial records" were limited to gross receipts. Finally, the court stated that under the terms of the agreement the plaintiff wife was not entitled to copies of the records. This appeal followed. The plaintiff raises five issues on appeal, three

of which need not be reached in light of this court's decision on the first issue.[1]

## I

The plaintiff first challenges the propriety of the court's finding as to the meaning of the center's "financial records." She posits that because her motion did not request an interpretation of "financial records," the court improperly interpreted the term. We agree.

Our standard of review is well settled. "[A]n interpretation of the pleadings in the underlying action . . . presents a question of law and is subject to de novo review on appeal." *Davenport* v. *Quinn,* 53 Conn. App. 282, 286, 730 A.2d 1184 (1999).

At the outset, we note that "[p]leadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible without them. . . . The purpose of a complaint or counterclaim is to limit the issues at trial, and such pleadings are calculated to prevent surprise. . . . It is fundamental in our law that the right of a [party] to recover is limited to the allegations in his [pleading]. . . . Facts found but not averred cannot be made the basis for a recovery. . . . Thus, it is clear that [t]he court is not permitted to decide issues outside of those raised in the pleadings." (Citations omitted; internal quotation marks omitted.) *Moulton Bros., Inc.* v. *Lemieux,* 74 Conn. App. 357, 361, 812 A.2d 129 (2002). "A judgment in the absence of written pleadings defining the issues would not merely be erroneous, it would

---

[1] Because we conclude that the court improperly interpreted the phrase "financial records," we need not reach other issues that the plaintiff raised: That the court's interpretation was incorrect either under plenary review or the clearly erroneous standard of review and that the court's decision was internally inconsistent.

be void." *Telesco* v. *Telesco*, 187 Conn. 715, 720, 447 A.2d 752 (1982).

The plaintiff's motion and her testimony at trial make clear that the issue before the court was whether, under the separation agreement, the plaintiff's accountant was entitled to photocopy the center's financial records and whether those copies would be made available to the plaintiff. There was no request for a judicial interpretation of the phrase "financial records." In concluding that "those financial records are limited to gross receipts," the court addressed an issue that was not properly before it. We conclude that the court improperly rendered judgment in part on its definition of the center's "financial records," a matter not pleaded by the plaintiff. Accordingly, we reverse that part of the court's judgment that provides that financial records are limited to gross receipts.

## II

The plaintiff also claims that the court improperly found that she was not entitled to copies of the center's financial records. We disagree.

"An agreement between divorced parties . . . that is incorporated into a dissolution decree should be regarded as a contract." *Legg* v. *Legg*, 44 Conn. App. 303, 306, 688 A.2d 1354 (1997). "In interpreting contract items, we have repeatedly stated that the intent of the parties is to be ascertained by a fair and reasonable construction of the written words and that the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity and words do not become ambiguous simply because

lawyers or laymen contend for different meanings." (Citations omitted; internal quotation marks omitted.) *Barnard* v. *Barnard*, 214 Conn. 99, 110, 570 A.2d 690 (1990). "[Where] . . . there is clear and definitive contract language, the scope and meaning of that language is not a question of fact but a question of law. . . . In such a situation our scope of review is plenary, and is not limited by the clearly erroneous standard." (Internal quotation marks omitted.) *Zadravecz* v. *Zadravecz*, 39 Conn. App. 28, 31, 664 A.2d 303 (1995).

As previously stated, § 4 (b) of the separation agreement states in relevant part that "[the center's] financial records shall be subject to review by Wife's accountant up to four times per year. . . ." The court stated in its oral decision: "[T]he court finds no ambiguity in the agreement. [The plaintiff is] not entitled to the copies of the records." Moreover, in its articulation of January 22, 2003, the court stated: "Section 4 (b) of the parties' agreement does not provide the right of the plaintiff to obtain copies for her review. The agreement merely provides that her accountant can review the financial records. There is no provision in the agreement for providing the plaintiff with copies for her review." Because the agreement is clear and unambiguous, the contract must be given effect according to its terms. Under the terms of the separation agreement, there is no provision entitling the wife to copies of "[the center's] financial records." Therefore, we conclude that the court acted properly. Accordingly, we affirm the decision of the court with respect to its determination that the plaintiff is not entitled to copies of the center's financial records.

The judgment is reversed only as to the finding that the phrase "financial records" is limited to gross receipts and the case is remanded with direction to vacate that finding. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.