## MARION COCKAYNE *v.* PHILIP PILON
### (AC 29687)

Lavine, Beach and Borden, Js.

Argued February 3—officially released June 9, 2009

*Jodi Zils Gagne,* for the appellant (plaintiff).

*Beverly S. Knapp,* for the appellee (defendant).

*Opinion*

PER CURIAM. In this professional negligence action, the plaintiff, Marion Cockayne, appeals to this court following the denial of her motion to open the judgment of dismissal rendered by the trial court in favor of the defendant, Philip Pilon, her former dentist. On appeal, the plaintiff claims that the court abused its discretion in denying her motion to open. We affirm the judgment of the trial court.

The record reflects the following facts and procedural history. The plaintiff commenced this dental malpractice action by service on the defendant of a writ of summons and complaint filed April 30, 2007, with a return date of May 29, 2007. The defendant moved to dismiss the complaint on the ground that the plaintiff had failed to comply with the provisions of General

Statutes § 52-190a[1] in that she did not attach to her complaint a written opinion of a similar health care provider. Subsequently, on July 2, 2007, the plaintiff filed an amended complaint, without filing a request to amend, and appended to it a certificate of good faith and an opinion of a similar health care provider that was dated June 28, 2007.[2] The court granted the defendant's motion to dismiss on December 10, 2007. Thereafter, on January 24, 2008, the plaintiff filed a motion to open the judgment. The plaintiff attached to the motion to open another amended complaint, a certificate of good faith and an opinion of a similar health care provider that contained, for the first time, an opinion as to negligence. The court summarily denied the plaintiff's motion to open. This appeal followed.

"The principles that govern motions to open or set aside a civil judgment are well established. Within four

[1] General Statutes § 52-190a provides in relevant part: "(a) No civil action or apportionment complaint shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action or apportionment complaint has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint, initial pleading or apportionment complaint shall contain a certificate of the attorney or party filing the action or apportionment complaint that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant or for an apportionment complaint against each named apportionment defendant. To show the existence of such good faith, the claimant or the claimant's attorney, and any apportionment complainant or the apportionment complainant's attorney, shall obtain a written and signed opinion of a similar health care provider, as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . .

"(c) The failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for the dismissal of the action."

[2] The opinion of a similar health care provider that was attached to the amended complaint was silent as to the standard of care and deviation therefrom.

months of the date of the original judgment, Practice Book [§ 17-4] vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation." (Internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 94, 952 A.2d 1 (2008). "A motion to open . . . a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Bhatia* v. *Debek*, 287 Conn. 397, 417, 948 A.2d 1009 (2008).

In her opposition to the defendant's motion to dismiss, the plaintiff argued that the opinion of a similar health care provider was not attached to the complaint due to inadvertence and that her amended complaint, which was filed on July 2, 2007, should be allowed as of right under Practice Book § 10-59.[3] In its memorandum of decision granting the defendant's motion to dismiss, the court noted that the plaintiff's amended complaint was untimely because it was filed thirty-four days after the return date, and the plaintiff did not file a request for leave to file the amended complaint pursuant to Practice Book § 10-60 (a) (3).[4] See Practice Book § 10-59.[5] The court granted the defendant's motion

---

[3] Practice Book § 10-59 provides in relevant part: "The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day. . . ."

[4] Practice Book § 10-60 (a) provides in relevant part: "[A] party may amend his or her pleadings . . . at any time subsequent to that stated in the proceeding section in the following manner . . .

"(3) By filing a request for leave to file such amendment. . . ."

[5] See footnote 3.

to dismiss. The court reasoned that dismissal was warranted according to § 52-190a (c) because the plaintiff failed to comply with § 52-190a in that she failed to attach to the original complaint a certificate of counsel regarding a good faith inquiry along with a written opinion from a similar health care provider.

In her motion to open the judgment of dismissal, the court's denial of which constituted the judgment on which this appeal is based,[6] the plaintiff presented to the court arguments similar to those that the court already had rejected in its decision on the defendant's motion to dismiss. She argued that an opinion of a similar health care provider was not attached to the original complaint due to an inadvertent mistake of counsel. The opinion of a similar health care provider that was attached to the amended complaint, which the plaintiff subsequently filed, was dated June 28, 2007, approximately two months after the original complaint was filed. The plaintiff further argued that she should be allowed to amend her complaint as of right under § 10-59 and attached to the motion another amended complaint, which was dated January 22, 2008, and which included the opinion of a similar health care provider and a good faith certificate.

The record in this matter is inadequate for this court to review the plaintiff's claim. The record does not contain a memorandum of decision or a transcript on file pertaining to the motion to open. The record merely contains a copy of the plaintiff's motion, on which the

---

[6] In her preliminary statement of issues, the plaintiff presented the issue of whether the trial court acted improperly in granting the defendant's motion to dismiss and denying her motion to open. The defendant filed with this court a motion to dismiss as untimely any portion of the plaintiff's appeal concerning the merits of the court's granting of his motion to dismiss. On June 25, 2008, this court granted the defendant's motion to dismiss, except as to the portion of the appeal that challenged the denial of the plaintiff's motion to open.

court indicated that the motion was denied. The plaintiff did not file a motion for articulation to ascertain the basis of the court's decision. "It is well established that [i]t is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . ." (Internal quotation marks omitted.) *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 232, 828 A.2d 64 (2003); see also Practice Book §§ 60-5 and 66-5. We cannot ascertain why the court denied the motion and, therefore, decline to review this claim. See *Eremita* v. *Morello*, 111 Conn. App. 103, 107, 958 A.2d 779 (2008).

The judgment is affirmed.