# JAMES J. FLAHERTY *v.* ELLEN M. FLAHERTY
## (AC 30918)

Gruendel, Robinson and Alvord, Js.

Argued February 2—officially released March 30, 2010

*Richard F. Paladino,* for the appellant (defendant).

*D. Susanne Snearly,* for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. The sole issue in this appeal is whether the trial court properly denied the postjudgment motion of the defendant, Ellen M. Flaherty, requesting the court to enter an equitable order concerning the appropriate contribution toward postsecondary educational expenses of the parties' children to be made by the plaintiff, their father, James J. Flaherty. In denying the defendant's motion, the court determined that it lacked authority to modify the separation agreement on the ground that the agreement clearly and unambiguously precluded modification. We reverse the judgment of the trial court.[1]

The record reveals the following facts. The parties were married on June 6, 1987, and had two children. Their marriage was dissolved on September 3, 1997, at which time their separation agreement was incorporated by reference into the dissolution decree. The separation agreement was drafted by the plaintiff, an attorney. Article IV of the separation agreement is titled "Alimony and Child Support." Section 4.1 of article IV sets forth the plaintiff's alimony obligation and states that it is nonmodifiable as to term and amount. Section 4.6 of article IV obligates the plaintiff to contribute toward his children's postsecondary educational expenses. Section 4.6 provides: "The [plaintiff] agrees

[1] At oral argument, we raised the issue of whether the defendant's appeal was taken from a final judgment. Because the court's denial of the defendant's motion to modify terminated her rights as to modification of child support, we conclude that this appeal was taken from a final judgment and is now properly before us. See *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983).

to contribute towards the educational expenses of each child in the event that any child desires to attend post-secondary school and is accepted at any post-secondary school. Each party shall fully cooperate in seeking other sources of financial assistance for the educational expenses, including scholarships, student loans, and the like which may be available in order to assist the [plaintiff] in discharging this undertaking." Article XIV is titled "Miscellaneous." Section 14.9 of article XIV states: "This Agreement shall not be modified or altered except by an instrument signed and acknowledged by the [plaintiff] and [the defendant]."[2]

On September 18, 2008, the defendant filed a post-judgment motion for modification in which she requested that the court enter an equitable order specifying the amount that the plaintiff was obligated to contribute toward their children's postsecondary educational expenses. Subsequently, the plaintiff brought a motion to dismiss, contending that the court was without subject matter jurisdiction. The court held that although it had jurisdiction over the separation agreement, it lacked authority to modify it because there was not a written instrument signed by both parties agreeing to modification pursuant to § 14.9. From that judgment, the defendant appeals.

We begin by setting forth the applicable standard of review and principles of law. It is firmly established that a separation agreement incorporated into a dissolution decree is regarded and construed as a contract. *Eckert* v. *Eckert*, 285 Conn. 687, 692, 941 A.2d 301 (2008); *Issler* v. *Issler*, 250 Conn. 226, 235, 737 A.2d 383 (1999); *Breiter*

---

[2] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification . . . any final order for the periodic payment of permanent alimony or support . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . ."

v. *Breiter*, 80 Conn. App. 332, 336–37, 835 A.2d 111 (2003). When the trial court draws conclusions of law as it did here, "our review is plenary and we must decide whether its conclusions are legally and logically correct . . . ." (Internal quotation marks omitted.) *Issler* v. *Issler*, supra, 236. Moreover, the construction of a written contract is a question of law requiring plenary review. See *Gordon* v. *Bridgeport Housing Authority*, 208 Conn. 161, 179, 544 A.2d 1185 (1988); *Wolosoff* v. *Wolosoff*, 91 Conn. App. 374, 381, 880 A.2d 977 (2005); *Sachs* v. *Sachs*, 60 Conn. App. 337, 342, 759 A.2d 510 (2000).

Because a separation agreement incorporated into a dissolution decree is in the nature of a contract, we note the following general principles of contract interpretation. "A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction." (Internal quotation marks omitted.) *Office of Labor Relations* v. *New England Health Care Employees Union, District 1199, AFL-CIO*, 288 Conn. 223, 231, 951 A.2d 1249 (2008). "Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms." (Internal quotation marks omitted.) *HLO Land Ownership Associates Ltd. Partnership* v. *Hartford*, 248 Conn. 350, 357, 727 A.2d 1260 (1999). "A word is ambiguous when it is capable of being interpreted by reasonably well informed persons in either of two or more senses. . . . Ambiguous can be defined as unclear or uncertain, or that which is susceptible of more than one interpretation, or understood in more ways than one." (Internal quotation marks omitted.) *Reichenbach* v. *Kraska Enterprises, LLC*, 105 Conn. App. 461, 476, 938 A.2d 1238 (2008). "In interpreting contract items, we have repeatedly stated that the intent of the parties is to be

ascertained by a fair and reasonable construction of the written words and that the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract." (Internal quotation marks omitted.) *Wolosoff* v. *Wolosoff*, supra, 91 Conn. App. 381. "[A]ny ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms. . . . A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . ." (Citation omitted; internal quotation marks omitted.) *O'Connor* v. *Waterbury*, 286 Conn. 732, 743–44, 945 A.2d 936 (2008). When construing the contract, we are mindful that "[t]he contract must be viewed in its entirety, with each provision read in light of the other provisions . . . and every provision must be given effect if it is possible to do so." (Internal quotation marks omitted.) *Cantonbury Heights Condominium Assn., Inc.* v. *Local Land Development, LLC*, 273 Conn. 724, 735, 873 A.2d 898 (2005). In giving effect to all of the language of a contract, "the law of contract interpretation . . . militates against interpreting a contract in a way that renders a provision superfluous." (Internal quotation marks omitted.) *Honulik* v. *Greenwich*, 293 Conn. 698, 711, 980 A.2d 880 (2009).

It is well established under Connecticut law that ambiguous provisions precluding modification of alimony or support are disfavored. See *Eckert* v. *Eckert*, supra, 285 Conn. 693. "In accordance with the preference in favor of modification, ambiguous nonmodification provisions are construed to permit modification. . . . Nonmodification provisions that are clear and unambiguous, however, are enforceable." (Citation omitted.) Id., citing *Amodio* v. *Amodio*, 56 Conn. App. 459, 471, 743 A.2d 1135, cert. granted on other grounds, 253 Conn. 910, 754 A.2d 160 (2000) (appeal withdrawn

September 27, 2000); *Tomlinson* v. *Tomlinson,* 119 Conn. App. 194, 203, 986 A.2d 1119, cert. granted on other grounds, 295 Conn. 916, 990 A.2d 868 (2010). Accordingly, we turn our attention to the language of the separation agreement.

We conclude that the separation agreement in its entirety is ambiguous. It contains both a provision, § 14.9, precluding modification of the agreement absent a written instrument signed by the plaintiff and the defendant, as well as provisions indicating that the agreement is modifiable. One such provision, article IV, § 4.4, states: "The [plaintiff] shall provide the [defendant] with annual substantiation of his earnings from his employer of any and all income, bonuses and compensation which he receives from employment." When construing a contract, we may consider the situation and circumstances connected with the transaction. See *Lawson* v. *Whitey's Frame Shop,* 241 Conn. 678, 686, 697 A.2d 1137 (1997). In looking to the situation and circumstances connected with the present transaction, we note that at the time the parties divorced, their children were many years away from even enrolling in postsecondary education. As such, the failure of § 4.6 to specify the amount to be contributed by the plaintiff, along with the requirements of § 4.4, reasonably may be interpreted as indicating that such amount was to be determined at a later date, nearer to the time when the children would be enrolling in postsecondary education. Further, if § 14.9 is given effect, then § 4.4 is rendered superfluous. Quite simply, there would be no need for the plaintiff to update the defendant on his finances if the separation agreement could not be modified. See *Electric Cable Compounds, Inc.* v. *Seymour,* 95 Conn. App. 523, 529, 897 A.2d 146 (2006) ("[t]he contract must be viewed in its entirety, with each provision read in light of the other provisions . . . and every provision must be given effect if it is possible to do so" [internal quotation marks omitted]); see also *United*

*Illuminating Co.* v. *Wisvest-Connecticut, LLC*, 259 Conn. 665, 671, 791 A.2d 546 (2002) (same). We therefore construe § 4.4 to permit modification of the separation agreement.

Another provision, article IV, § 4.3, which sets forth the plaintiff's child support obligation, also permits modification of the separation agreement. Section 4.3 provides in relevant part: "[C]hild support shall be adjusted according to the applicable guidelines." Giving effect to § 14.9 thus creates ambiguity relative to § 4.3 and also contravenes the well established principle that child support modification cannot be permanently restricted. See *Guille* v. *Guille*, 196 Conn. 260, 267–68, 492 A.2d 175 (1985) (minor child's right to parental support has independent character, separate and apart from terms of support obligations as set out in judgment of dissolution, and court was without power to enter order that would permanently restrict unrepresented children's rights); *Rempt* v. *Rempt*, 5 Conn. App. 85, 88, 496 A.2d 988 (1985) (same). As exemplified by these provisions, the separation agreement in its entirety is ambiguous, and, thus, modifiable.

We also conclude that § 4.6, relating to the plaintiff's obligation to contribute toward postsecondary educational expenses, is ambiguous. Although § 4.6 clearly obligates the plaintiff to contribute toward his children's postsecondary educational expenses, it is ambiguous in that it fails to indicate how much he must contribute, how that amount is to be determined, what equities will be considered in making that determination, in what manner he must contribute and to whom he must contribute. Simply, § 4.6 cannot be given effect if § 14.9 is read as controlling the entire separation agreement. See *Levine* v. *Advest, Inc.*, 244 Conn. 732, 746, 714 A.2d 649 (1998) (contract ambiguous if agreement on its face reasonably susceptible of more than one interpretation). Furthermore, unlike § 4.1,

§ 4.6 does not state that it is nonmodifiable. As evidenced by § 4.1, when the parties wanted to make a particular provision nonmodifiable, they so expressed.

Finally, we note that "[a]mbiguous contractual language should be construed against the interest of the party that drafted it." (Internal quotation marks omitted.) *Goldberg* v. *Hartford Fire Ins. Co.*, 269 Conn. 550, 562, 849 A.2d 368 (2004); see *Hartford Electric Applicators of Thermalux, Inc.* v. *Alden,* 169 Conn. 177, 182, 363 A.2d 135 (1975) ("[w]hen there is ambiguity, we must construe contractual terms against the drafter"). In the present case, the plaintiff drafted the separation agreement. To the extent that he drafted an ambiguous separation agreement, he cannot now claim the benefit of the doubt regarding such ambiguity.

For the aforementioned reasons, we conclude that both the separation agreement in its entirety and § 4.6 individually are ambiguous. Guided by our preference in favor of modification of alimony and child support, we construe the ambiguous modification provision in the agreement so as to permit modification of § 4.6. See *Amodio* v. *Amodio,* 247 Conn. 724, 730, 724 A.2d 1084 (1999) (provisions precluding modification of alimony or support disfavored). Accordingly, we reverse the judgment of the trial court and remand the matter for an evidentiary hearing to determine the plaintiff's responsibilities pursuant to § 4.6 of the separation agreement.[3] In determining those responsibilities, we note that (1) the court may look to parol evidence to explain the ambiguity in the separation agreement; see

[3] The defendant raises two other issues on appeal. First, she contends that the separation agreement was at least ambiguous and, thus, required an evidentiary hearing and findings of fact prior to the court's ruling on her motion to modify. She also contends that the plaintiff waived any argument that § 4.6 precluded modification by virtue of his seeking modification of other child support provisions. Because we reverse the court's decision on other grounds, we need not address those issues.

*Ziotas* v. *Reardon Law Firm, P.C.*, 111 Conn. App. 287, 294, 959 A.2d 1013 (2008), cert. granted on other grounds, 290 Conn. 903, 962 A.2d 796 (2009); and (2) the plaintiff cannot be held in contempt for failure to comply with the separation agreement because it is ambiguous. See *Sablosky* v. *Sablosky*, 61 Conn. App. 66, 72, 762 A.2d 922 (2000), rev'd on other grounds, 258 Conn. 713, 784 A.2d 890 (2001).

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.