LEONARD PRZEKOPSKI, JR. *v.* BARBARA PRZEKOP, EXECUTRIX (ESTATE OF LEONARD PRZEKOPSKI, SR.), ET AL.
(AC 31059)

Flynn, C. J., and Harper and Borden, Js.*

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued March 22—officially released October 5, 2010

*Stanley Maxim Lucas*, for the appellants (defendants).

*Scott W. Jezek*, for the appellee (plaintiff).

*Opinion*

HARPER, J. The defendants, Barbara Przekop, both individually and in her capacity as the executrix of the estate of Leonard Przekopski, Sr., the decedent,[1] appeal from the judgment of the trial court ordering certain bank accounts that had been misappropriated by the plaintiff, Leonard Przekopski, Jr., to be returned to the estate of the decedent. On appeal, the defendants challenge the court's order to return the misappropriated accounts to the estate and not to Barbara Przekop individually.[2] We reverse in part the judgment of the trial court and remand the case with direction to order the misappropriated funds returned to Barbara Przekop individually.

The following facts, as found by the court, and procedural history are necessary for our resolution of the defendants' appeal. The plaintiff and Barbara Przekop are siblings and the children of the decedent. Prior to the decedent's death, he had used survivorship bank accounts as a means of estate planning. He had established separate joint accounts in his name and the name

---

[1] The use of the term defendants refers to Barbara Przekop both individually and in her capacity as executrix of the estate of the decedent. We use Barbara Przekop's name throughout this opinion when referring to her in her individual capacity only.

[2] To the extent that the plaintiff, in his brief, challenges the court's determination that he had breached a fiduciary duty, we do not consider the claim. If the plaintiff wanted to raise a claim on which to reverse the judgment, we note that he should have filed a cross appeal pursuant to Practice Book § 61-8. *Mitchell* v. *Silverstein*, 67 Conn. App. 58, 60 n.5, 787 A.2d 20 (2001) ("[i]f an appellee wishes to change the judgment in any way, the party must file a cross appeal" [internal quotation marks omitted]), cert. denied, 259 Conn. 931, 793 A.2d 1085 (2002). Because he failed to do so, we will not consider his request.

of either the plaintiff or Barbara Przekop. The plaintiff had a joint survivorship account with the decedent in the approximate amount of $20,000. Barbara Przekop and the decedent had two joint survivorship accounts: one with Citizens Bank with an initial balance of $85,463.67 (Citizens account) and one with Banknorth, N.A., with an initial balance of $74,705.84 (Banknorth account).[3]

The decedent maintained a good relationship with the plaintiff and Barbara Przekop until his death on October 15, 2004. The plaintiff and Barbara Przekop, however, had a strained relationship. On October 13, 2004, two days before his death, the decedent signed a statutory short form durable power of attorney, which appointed the plaintiff as the attorney in fact for the decedent. Under the power of attorney, the plaintiff had the authority to "make gifts to any one or more of my spouse and descendants (if any) of whatever degree (including any person who may be a holder of this power) in amounts not exceeding the annual gift tax exclusion for federal gift tax purposes, including provisions relating to consent gifts by my spouse." The decedent also gave the plaintiff instruction to utilize the funds in the survivorship accounts for the necessary payment of his expenses and the making of gifts within the limits provided by the durable power of attorney.

The following day, one day before the death of the decedent, the plaintiff changed the identity of the joint survivorship owner on the Citizens account and on the Banknorth account from Barbara Przekop to himself. He also took $40,600.98 from the Citizens account and placed it into an account with Liberty Bank (Liberty account). Following the decedent's death, the plaintiff

---

[3] The decedent also had an Eastern Federal Bank account in his name only, which had an initial balance of $2008, and a SBLI joint survivorship account with Barbara Przekop with a balance of $132,000. Neither one of these accounts is at issue in this appeal.

paid approximately $10,000 in funeral costs from the decedent's funds.[4]

Following a full evidentiary hearing, the Probate Court,[5] on February 14, 2006, issued an order that stated: "Within thirty days of the date of this decree, [the plaintiff] shall return the funds which were on deposit with Citizens Bank and Banknorth, N.A., on October 13, 2004 and held jointly between the decedent and Barbara Przekop to Barbara Przekop, with the exception of $11,000, which he may retain. The $11,000 shall be reported on the succession tax form as a transfer before death to [the plaintiff]. The amount which shall be returned shall also be reduced by the $10,000 which was paid from those funds for the decedent's funeral and burial expenses.

"The $2009.11 which was identified as the amount remaining in the Eastern Savings certificate of deposit passed to the [plaintiff] since that account was established for his benefit by the decedent made under the power of attorney. If the account was in the decedent's name prior to any transfer, it shall be reported as a solely held asset and returned to the fiduciary for inclusion in the estate inventory and the estate account.

"The fiduciary shall file the succession tax return and the return and list of claims within forty-five days of the date of this decree."

The plaintiff sought to appeal from the judgment of the Probate Court, pursuant to General Statutes § 45a-186.[6] The appeal was authorized on March 9, 2006, and

[4] The funds used to pay the funeral bill were not from the accounts that are at issue in this appeal.

[5] There is nothing in the record elucidating the manner by which this matter was presented to the Probate Court.

[6] General Statutes § 45a-186 (a) provides in relevant part: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may . . . appeal therefrom to the Superior Court. . . ."

brought to the court by a statement of appeal filed January 16, 2007. The defendants answered the statement of appeal on April 12, 2007.[7] The court, *Hon. D. Michael Hurley*, judge trial referee, received evidence on October 23, 2007. Prior to rendering a decision, Judge Hurley died, and the matter was reassigned by agreement of the parties. Following a review of the transcript, exhibits, pleadings and briefs, the court, *Hon. Robert C. Leuba*, judge trial referee, ordered that the plaintiff transfer all of the assets of the Citizens, Banknorth and Liberty accounts to the decedent's estate for distribution in accordance with the decedent's last will and testament. The defendants filed a motion for rectification or for a corrected judgment, which, following a hearing, Judge Leuba denied. This appeal followed.

We begin by setting forth our well settled standard of review. "An appeal from a Probate Court to the Superior Court is not an ordinary civil action. . . . When entertaining an appeal from an order or decree of a Probate Court, the Superior Court takes the place of and sits as the court of probate. . . . In ruling on a probate appeal, the Superior Court exercises the powers, not of a constitutional court of general or common law jurisdiction, but of a Probate Court. . . . When . . .

---

[7] The defendants attached to their answer a different copy of the Probate Court's order. The second paragraph of the version of the order submitted by the defendants states: "The $2009.11 which was identified as the amount remaining in the Eastern Savings certificate of deposit passed to the [plaintiff] since that account was established for his benefit by the decedent. *The amount identified as remaining on hand in the decedent's checking account, $4,087.61 passed to the son if it is established that the account was joint with him before any transfers were* made under the power of attorney. If the account was in the decedent's name prior to any transfer, it shall be reported as a solely held asset and returned to the fiduciary for inclusion in the estate inventory and the estate account." (Emphasis added.) The two versions of the order are identical in all other respects. Neither party offered into evidence a certified copy of the order, but no issue has been raised relating to the difference between the two orders.

no record was made of the Probate Court proceedings, the absence of a record requires a trial de novo." (Citation omitted; internal quotation marks omitted.) *Silverstein* v. *Laschever*, 113 Conn. App. 404, 409, 970 A.2d 123 (2009).

"Agency is the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. . . . The one for whom action is to be taken is the principal. . . . The one who is to act is the agent. . . . The authority of the . . . agent [is] defined by the terms of the power of attorney." (Citations omitted; internal quotation marks omitted.) *Long* v. *Schull*, 184 Conn. 252, 256, 439 A.2d 975 (1981). "[A] fiduciary relationship has always demanded a high degree of scrutiny. . . . [W]e have held . . . that [p]roof of a fiduciary relationship . . . imposes a twofold burden upon the fiduciary. Once a [fiduciary] relationship is found to exist, the burden of proving fair dealing properly shifts to the fiduciary. . . . Furthermore, the standard of proof for establishing fair dealing is not the ordinary standard of fair preponderance of the evidence, but requires proof . . . by clear and convincing evidence . . . ." (Internal quotation marks omitted.) *Brown* v. *Villano*, 49 Conn. App. 365, 368, 716 A.2d 111, cert. denied, 247 Conn. 904, 720 A.2d 513 (1998); see also *Gorelick* v. *Montanaro*, 119 Conn. App. 785, 807, 990 A.2d 371 (2010); *Stuart* v. *Stuart*, 112 Conn. App. 160, 171 n.5, 962 A.2d 842 (2009), rev'd in part on other grounds, 297 Conn. 26, 996 A.2d 259 (2010).

In finding that the plaintiff did not engage in fair dealing, Judge Leuba discredited the testimony of the attorney who had prepared the power of attorney. The attorney represented that the decedent intended that the plaintiff be able to make gifts to himself reaching

the lifetime gift tax exemption of $1 million,[8] as opposed to the $11,000 annual exclusion.[9] The court also discredited the plaintiff's claim that the decedent had told him to divide the money in the various accounts however the plaintiff wanted. Because the court discredited the testimony of the two witnesses; see *Rissolo* v. *Betts Island Oyster Farms, LLC*, 117 Conn. App. 344, 354–55, 979 A.2d 534 (2009) ("[t]he trier of fact . . . is the sole arbiter of credibility, and thus is free to accept or reject, in whole or in part, the testimony offered by either party" [internal quotation marks omitted]); we are unable to conclude that there was clear and convincing evidence that the power of attorney authorized the plaintiff to change the name of the survivor on the Citizens and Banknorth accounts from Barbara Przekop to himself.

The durable power of attorney created a formal contract of agency between the decedent, the principal, and the plaintiff, the agent. See *Long* v. *Schull*, supra, 184 Conn. 256. "When the trial court draws conclusions of law . . . our review is plenary and we must decide whether its conclusions are legally and logically correct . . . . Moreover, the construction of a written contract [that is unambiguous within its four corners] is a question of law requiring plenary review." (Citation omitted; internal quotation marks omitted.) *Flaherty* v. *Flaherty*, 120 Conn. App. 266, 269, 990 A.2d 1274 (2010); see also *Honulik* v. *Greenwich*, 293 Conn. 698, 711, 980 A.2d 880 (2009).

"A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the

[8] See 26 U.S.C. § 2505 (a).
[9] See 26 U.S.C. § 2503 (b).

written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . ." (Internal quotation marks omitted.) *Hirschfeld* v. *Hirschfeld*, 50 Conn. App. 280, 284–85, 719 A.2d 41, cert. denied, 247 Conn. 929, 719 A.2d 1168 (1998).

The court found that there existed no credible evidence from which it could conclude that the decedent intended that the plaintiff be able to make gifts to himself reaching the lifetime gift tax exemption. We agree that the plain language of the contract makes clear that the decedent had no such intent. Concluding otherwise would render meaningless subsection (O) of the power of attorney, which gave the plaintiff the authority to "make gifts to any one or more of my spouse and descendants (if any) of whatever degree (including any person who may be a hold of this power) in amounts *not exceeding the annual gift tax exclusion for federal gift tax purposes* . . . ." (Emphasis added.) Interpreting the power of attorney in such a way to give meaning to the clear and unambiguous language of subsection (O) necessarily requires us to find that there was no clear and convincing evidence that the plaintiff was given the authority to substitute himself as the sole survivor of the Citizens and Banknorth survivorship accounts. Thus, we are unable to conclude that the plaintiff engaged in fair dealing when he substituted his name for Barbara Przekop's on the two survivorship accounts.

The question that we must answer on appeal, therefore, is whether the court acted properly in concluding that the funds misappropriated from the Citizens and

Banknorth accounts should be transferred to the estate of the decedent, rather than to Barbara Przekop individually. The defendants claim that if the money were transferred to the estate, the plaintiff would benefit from his wrongdoing at the expense of Barbara Przekop. We agree.

General Statutes § 45a-98 (a) provides in relevant part: "Courts of probate in their respective districts shall have the power to . . . (3) except as provided in section 45a-98a or as limited by an applicable statute of limitations, determine title or rights of possession and use in and to any real, tangible or intangible property that constitutes, or may constitute, all or part of any trust, any decedent's estate, or any estate under control of a guardian or conservator, which trust or estate is otherwise subject to the jurisdiction of the Probate Court, including the rights and obligations of any beneficiary of the trust or estate and including the rights and obligations of any joint tenant with respect to survivorship property . . . and (7) make any lawful orders or decrees to carry into effect the power and jurisdiction conferred upon them by the laws of this state."

Both the Probate Court and Judge Leuba agreed that the plaintiff misappropriated funds from the bank accounts; their disagreement is over what the appropriate remedy should be. The Probate Court determined that the misappropriated funds from the Citizens and Banknorth[10] accounts should be transferred to Barbara Przekop, as she was the sole survivor of the survivorship accounts prior to the plaintiff's substituting himself. The Superior Court, sitting as a court of probate in a trial de novo, concluded, however, that the funds should be returned to the estate for distribution under the decedent's last will and testament. Because the

---

[10] This excludes the $11,000 properly retained by the plaintiff.

plaintiff is a beneficiary under the decedent's will who stands to inherit some of these funds if they are distributed pursuant to the will, the court's conclusion had the effect of allowing the plaintiff to profit from his misuse of the power of attorney contrary to the decedent's estate planning.

"A bank account may be so created that two persons will be joint owners thereof during their mutual lives, and the survivor will take the whole on the death of the other." 10 Am. Jur. 2d, Banks and Financial Institutions § 676 (2009). "Except where the passage of title may be prevented by renunciation, or where the right is subject to avoidance as in violation of a statute, the surviving joint tenant [of a joint bank account] is entitled to the jointly owned property free of the claims of the heirs or creditors of the deceased cotenant. This is so regardless of who has contributed the funds to the account. The survivor takes under the agreement creating the joint tenancy, and not as the successor to the deceased joint tenant." 48A C.J.S., Joint Tenancy § 3 (2004).

We conclude that the Probate Court ordered the proper remedy and that it was improper for the Superior Court to order the transfer of the misappropriated funds from the plaintiff to the estate, instead of directly to Barbara Przekop individually. The court found that the decedent had used the survivorship accounts as a method of estate planning. There is no evidence that gives us reason to believe that the decedent intended the plaintiff to use the durable power of attorney to substitute himself as the sole survivor on the Citizens and Banknorth accounts. This being the case, we are unable to find any reason for the court's ordering the money be returned to the estate.

It is clear from the decedent's use of joint survivorship accounts that he intended for the accounts to pass

immediately to Barbara Przekop upon his death and not to be the subject of probate. To effectuate the decedent's intent and ensure that the plaintiff does not profit and Barbara Przekop does not suffer from the plaintiff's abuse of the power of attorney, we reverse the court's third order, which specifically stated that "the [plaintiff] transfer to the estate all of the bank accounts shown in the plaintiff's exhibit two with the exception of the sum of $11,000 (which he may retain as a gift to himself authorized by the power of attorney), which said amount shall, after the payment of necessary costs and expenses, be available for distribution under the decedent's last will and testament," and remand the case to the Superior Court with direction to order the funds in the Citizens, Banknorth and Liberty bank accounts to be returned to Barbara Przekop individually.

The judgment is reversed only as to the order that the plaintiff transfer to the decedent's estate all of the bank accounts shown in the plaintiff's exhibit two with exception of the sum of $11,000 and the case is remanded with direction to order those funds, with the exception of the sum of $11,000, returned to Barbara Przekop individually. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.